UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAULETTE EDWARDS					JURY TRIAL DEMANDED

v.							CASE NO.  3:07CV

R & R RECOVERY, LLC
SOURCE ONE FINANCIAL CORPORATION

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § 1692;  the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 and regulations issued thereunder, particularly Reg. Conn. State Agencies § 36a-647-5(11); the common law of conversion; Conn. Gen. Stat. §52-564; or the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Plaintiff is a consumer within the FDCPA  or applicable state law.

5.  Defendant R & R is a debt collector within the FDCPA, 15  U.S.C. § 1692f(6).

6. In or about September 2007, Defendant Source One directed R & R to repossess a 1999 tan Toyota Camry VIN JT2…66841.

7. On September 6, 2007, R & R  repossessed a 2001 tan Camry VIN 4T1…02185 in which plaintiff had full and exclusive right, title, and interest.

8. The plaintiff's 2001 Camry was never subject to a lien in favor of Source One.

9. Plaintiff's 2001 Camry was damaged during the course of the repossession.

10. Plaintiff was taken to the hospital by ambulance due to the stress of having her car taken despite protestations that she owned the car.

11. Plaintiff was greatly embarrassed by the repossession, which involved several squad cars, and greatly upset that her brother was handcuffed and that the car was damaged.

12. Defendant Source One has a nondelegable duty to avoid the risk of harm resulting from a repossession and is therefore vicariously liable for the acts of its selected repossessor [National Consumer Law Center, Repossessions (6th ed. 2005) §§13.10.4.2.1, 13.10.4.2.2] as well as directly liable under the Connecticut law.

FIRST COUNT

13. In the collection efforts, defendant R & R violated the FDCPA.

SECOND COUNT

14. Within three years prior to the date of this action each Defendant engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, §36a-645 *et seq.*, the Unfair Trade Practices Act, Conn. Gen. Stat. § 42 110a et seq, or the state laws recited in ¶ 1 above.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

                        THE PLAINTIFF

                        BY__/s/ Joanne S. Faulkner__
                        JOANNE S. FAULKNER ct04137
                        123 AVON STREET
                        NEW HAVEN, CT 06511-2422
                        (203) 772-0395
                        j.faulkner@snet.net